State v. Cody

STATE OF NORTH CAROLINA v. JUDY FAYE CODY

No. 7826SC1172

(Filed 17 April 1979)

1. Criminal Law § 99.4— ruling on evidence—no expression of opinion
     In an armed robbery prosecution in which the victim testified the robbery had lasted from 6 to 10 minutes, the trial court did not express an opinion when defense counsel asked the victim to "tell me when six minutes is up" and the court sustained the State's objection and stated that "the clock is there and the time can be counted. It's just a matter of waiting until six minutes have passed."

2. Criminal Law § 114.2— failure to summarize some testimony—no expression of opinion
     The trial court did not express an opinion on the evidence by its failure to summarize the testimony of two defense witnesses where the court did summarize the principal features of the evidence relied on by the prosecution and by the defense.

3. Criminal Law § 114.3— reference to defendant as "offender"—no expression of opinion
     Defendant was not prejudiced by the court's reference to her at one point in the charge as "the offender the defendant," although use of the word "offender" in referring to a criminal defendant is disapproved.

4. Criminal Law § 39— testimony ruled inadmissible for defense—subsequent rebuttal testimony for State by same witness
     The trial court did not err in permitting a witness to testify for the State on rebuttal after his testimony had been ruled inadmissible when offered by the defense.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 4 August 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 March 1979.

Defendant was indicted for armed robbery, convicted by a jury of common law robbery, and sentenced to 3 to 6 years.

Evidence for the state tended to show the following: Kimberly Walker was walking down a street in Charlotte on 27 October 1977 when the defendant came up behind her, choked her and demanded money. Defendant grabbed her pocketbook, took her billfold containing $25 or $30 and left. Defendant had a bulge in her pocket resembling a gun, told Walker she would "blow my head off" and stuck her hand in the pocket. Defendant had on blue jeans, a brown suede jacket and was wearing turquoise rings. The episode lasted from 6 to 10 minutes. Walker described defendant to police and picked defendant from a group of photographs shortly after the robbery. Defendant was arrested at approximately 9:00 p.m. in the vicinity of the street where the incident occurred. Some two or three weeks later, Walker identified defendant in a lineup.

Evidence for the defendant tended to show the following: Defendant denied the robbery. She testified that she had a conversation with Debbie Adsitt and others in jail, that she stated to them the description of the robber as given the police by Walker, that Debbie Adsitt said, "that sounds like me," and that Debbie was wearing turquoise rings. Debbie Adsitt testified that she was serving time for an armed robbery which occurred on 26 October 1977, the day before this incident. She did not commit this crime. She did wear turquoise rings and told the defendant it sounded like her, but it wasn't.

Defendant also presented Debbie Adsitt's brother for the purpose of testifying that Debbie had told him that she had committed the robbery. However, he testified that he saw Debbie on 26 October 1977, at which time she told him that she had committed an armed robbery and that she would commit another. He saw her around noon on 27 October 1977 and she told him she had robbed someone else and was going to Atlanta. Following this testimony, the state moved to suppress his testimony. Defendant joined in the motion and it was allowed. The trial court found that the testimony did not benefit the defendant, was not critical to her defense, was not trustworthy and constituted hearsay evidence.

In rebuttal, the state called Robert Adsitt to testify that he saw Debbie on 27 October 1977 around noon and told her to get out of town because the police were looking for her. She then headed south on I-85 and he did not hear from her again until she called him long distance on the telephone.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Ann C. Villier, Assistant Public Defender, for the defendant.*

CARLTON, Judge.

Defendant first assigns as error improper judicial comment on the evidence. She argues that the trial judge, in three instances, expressed an opinion on the evidence.

[1]  After allowing defense counsel to reenact the incident on cross-examination of the prosecuting witness, defense counsel then asked the witness to "tell me when six minutes is up." The court sustained the state's objection and stated, "Mr. Michael, the clock is there and the time can be counted. It's just a matter of waiting until six minutes have passed." Defendant argues that this comment amounted to an expression by the trial judge of an opinion about the evidence.

The trial court had allowed defendant wide latitude on cross-examination to show that Mrs. Walker was mistaken in her estimation of the time which elapsed during the robbery. In sustaining the objection to defense counsel's question in this instance, the trial judge was exercising his duty to see that the trial proceeded in an expeditious manner without unnecessary delay. The court's comment certainly did not constitute an expression of opinion on the evidence. A remark by the trial court in admitting or excluding evidence is not prejudicial when it amounts to no more than a ruling on the question or where it is made to expedite the trial. *State v. Hooks*, 228 N.C. 689, 47 S.E. 2d 234 (1948); 4 Strong, N.C. Index 3d, Criminal Law, § 99.3, p. 492.

[2]  Defendant also argues that the failure of the trial court to summarize the testimony of two defense witnesses constituted judicial comment on the defendant's evidence.

Our review of the judge's charge indicates that he succinctly and fairly summarized the evidence for the state and the defendant. He also reminded the jury to recall all the testimony and to understand that he was undertaking only to summarize the testimony. The law does not require recapitulation of all of the evidence in the charge of the court to the jury. *State v. Looney,* 294 N.C. 1, 240 S.E. 2d 612 (1978). The statutory requirement that the judge state the evidence is met by presentation of the principal features of the evidence relied on by the prosecution and the defense. *State v. Sanders,* 288 N.C. 285, 218 S.E. 2d 352 (1975), *cert. denied,* 423 U.S. 1091, 47 L.Ed. 2d 102, 96 S.Ct. 886 (1976). Moreover, defendant did not object to the court's review of the evidence. A party desiring further elaboration must bring an alleged omission to the court's attention prior to the jury's retirement. *State v. Looney, supra.*

[3] At one point in its charge, the trial court referred to the defendant as "the offender the defendant." Defendant argues that this remark is of the type contemplated by G.S. 15A-1222 and G.S. 15A-1232 and amounted to an expression by the court that the defendant was guilty.

Standing alone, we do not approve of the word "offender" in referring to defendants in criminal cases. Contextually, however, we do not find any prejudice to defendant in this instance. "[T]he test of prejudice resulting from a judge's remarks is whether a juror might reasonably infer that the judge expressed partiality or intimated an opinion as to a witness' credibility or as to any fact to be determined by the jury." *State v. Staley,* 292 N.C. 160, 165, 232 S.E. 2d 680, 684 (1977).

In none of the cited instances do we find that the trial judge violated G.S. 15A-1222 or G.S. 15A-1232. This assignment of error is overruled.

[4] Defendant's next assignment of error is that the court erred in allowing Robert Adsitt to testify for the state on rebuttal because earlier in the trial his testimony had been ruled inadmissible when offered by the defense.

The defendant had offered testimony attempting to show that Debra Adsitt may have committed the crime. The state's rebuttal witness, Robert Adsitt, testified as to the whereabouts

of Debra Adsitt on the day of the crime. The testimony obviously was necessary and relevant for the state to rebut the negative inferences raised by the defendant. A witness is not permanently disqualified to testify for one party simply because his testimony has been previously ruled inadmissible when presented by the other party. Moreover, where defendant brings out evidence tending to show that someone else committed the crime charged, the state is entitled to introduce evidence in explanation or rebuttal. *See State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977). This assignment of error is overruled.

The defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.